# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| RAY LINK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No.: 1:07-CV-338 JVB |
| | ) |
| CLAYTON TAYLOR, *et al.,* | ) |
| | ) |
| Defendants. | ) |

## ORDER

Ray Link, a *pro se* prisoner confined at the Allen County Jail, filed a Complaint pursuant to 42 U.S.C. § 1983. In the Complaint, Link names three defendants and presents at least three unrelated claims, including a claim arising at the time of his arrest, a claim that he was placed in solitary confinement at the jail because of alleged misbehavior at the jail while he was a pretrial detainee, and a claim regarding medical treatment while he was at the jail.

> A buckshot complaint that would be rejected if filed by a free person-say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions-should be rejected if filed by a prisoner. [The plaintiff] did not make any effort to show that the 24 defendants he named had participated in the same transaction or series of transactions or that a question of fact is "common to all defendants".

*George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

> The district court did not question [the plaintiff's] decision to join 24 defendants, and approximately 50 distinct claims, in a single suit. It should have done so. The controlling principle appears in Fed.R.Civ.P.18(a): "A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party." Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that this 50-claim, 24-defendant suit produced but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the

> required fees. 28 U.S.C. § 1915(g). [The plaintiff] was trying not only to save money but also to dodge that rule. He hoped that if even 1 of his 50 claims were deemed non-frivolous, he would receive no "strikes" at all, as opposed to the 49 that would result from making 49 frivolous claims in a batch of 50 suits.

*Id.*

This case is similar to *George* in that Link is attempting to improperly bring unrelated claims in a single case. As instructed by *George*, the district court must question this and reject it. Therefore the original Complaint will be stricken with leave to file an Amended Complaint incorporating only related claims. Link may bring only properly related claims in this case. Unrelated claims must be brought in separate cases. For example, if he brings the claims that occurred at the time of his arrest in this case, he would bring the claim regarding placement in solitary confinement in another complaint, and so on.

For the foregoing reasons, the Court:

(1) **STRIKES** the complaint [DE 1];

(2) **DIRECTS** the Clerk to send Ray Link a blank Prisoner Complaint 42 U.S.C. § 1983 form;

(3) **GRANTS** Ray Link to and including March 21, 2008, within which to file an Amended Complaint containing only a single claim or related claims; and

(4) **CAUTIONS** Ray Link that if he does not respond by that deadline, this case will closed without further notice.

SO ORDERED on February 20, 2008.

s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE
HAMMOND DIVISION
