UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| RAY ALEXANDER LINK, | ) |
| Plaintiff, | ) |
| v. | ) Case No.: 1:07-CV-338 JVB |
| CLAYTON TAYLOR, *et al.*, | ) |
| Defendants. | ) |

**OPINION AND ORDER**

Ray Link, a prisoner confined at the Allen County Jail, filed a complaint pursuant to 42 U.S.C. § 1983, alleging violation of his federally protected rights. This case is before the court on the plaintiff's amended complaint naming Fort Wayne Police Officers William Drake, Clayton Taylor, and Dustin Engelman as defendants. Link seeks over ten million dollars in compensatory damages and punitive damages of $699,000.00.

Pursuant to 28 U.S.C. § 1915A(a), the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. P. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under RULE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

The pleading standards were recently retooled by the Supreme Court. In the context of a motion to dismiss for failure to state a claim, the Court stated that the "plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v.*

*Twombly*, 127 S.Ct. 1955, 1964-65 (2007) (citations omitted). Instead the Court held that the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id.* at 1965. Two weeks later the Supreme Court decided *Erickson v. Pardus*, 127 S.Ct. 2197 (2007). In *Erickson*, the Court also took up the issue of pleading standards, but this time in the context of *pro se* litigation. In *Erickson*, the Court stated that "[s]pecific facts are not necessary" to meet the requirements of Rule 8(a). *Id*. at 2200. The Court further noted that a "document filed *pro se* is 'to be liberally construed,' . . . and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (citations omitted). In an effort to reconcile *Twombly* and *Erickson*, the Seventh Circuit has read those cases together to mean that "at some point the factual detail in a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8." *Airborne Beepers & Video, Inc. v. AT&T Mobility, LLC*, 499 F.3d 663, 667 (7th Cir. 2007).

Link brings this action under 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. To state a claim under § 1983, a plaintiff must allege violation of rights secured by the Constitution and laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. *West v. Atkins*, 487 U.S. 42 (1988). The first inquiry in every § 1983 case is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States.

Link alleges that on September 16, 2007, the defendants violated the Fourth Amendment's prohibition against unreasonable searches and seizures. He alleges that on September 16, 2007, he was walking down Superior Street in Fort Wayne, Indiana, when the defendants arrested him for public intoxication without a warrant or probable cause.

2

The Fourth Amendment does not prohibit all searches and seizures, but only those that are "unreasonable." *United States v. McCarthur*, 6 F.3d 1270, 1275 (7th Cir. 1993).  One of the well-established exceptions to the Fourth Amendment's warrant requirement is "the ancient common-law rule that a peace officer [is] permitted to arrest without a warrant for a misdemeanor or felony committed in his presence as well as for a felony not committed in his presence if there [is] reasonable ground for making the arrest." *United States v. Watson*, 423 U.S. 411, 418 (1976).  An arrest is reasonable for Fourth Amendment purposes if the arresting officers had probable cause to believe a crime had been committed and that the arrestee was the person who committed that crime. *Michigan v. Summers*, 452 U.S. 692 (1981). The existence of probable cause completely bars a Fourth Amendment claim. *Booker v. Ward,* 94 F.3d 1052, 1057 (7th Cir. 1996) *cert. denied*, 519 U.S. 1113 (1997); *Jones v. Webb*, 45 F.3d 178, 181 (7th Cir. 1995).  A plaintiff may not recover on a Fourth Amendment claim where "'a reasonable officer could have believed [the plaintiff's arrest] to be lawful, in light of clearly established law and the information the [arresting] officers possessed.'" *Hunter v. Bryant*, 502 U.S. 224, 227 (1991) (quoting *Anderson v. Creighton*, 483 U.S. 635, 641 (1987)).

"Fed.R.Civ.P. 8 . . . establishes a system of notice pleading," and a complaint may not be dismissed at the pleadings stage "unless no relief could be granted 'under any set of facts that could be proved consistent with the allegations.'" *Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir. 1998) (citations omitted).  Giving Link the benefit of the inferences to which he is entitled at the pleadings stage, the court cannot say that he can prove no set of facts consistent with his Fourth Amendment unreasonable seizure claim.

3

Link also alleges that the defendants "use[d] cruel and unusual punishment, to violate plaintiff['s] 8th Amendment of the Constitution." (Am. Compl. at 3). The court construes this as a claim that the defendants used excessive force when they arrested him. "In addressing an excessive force claim brought under § 1983, analysis begins by identifying the specific constitutional right allegedly infringed by the challenged application of force." *Graham v. Conner*, 490 U.S. 386, 394, (1989). "[*A*]*ll* claims that law enforcement officers have used excessive force — deadly or not — in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard." *Id.* at 395 (emphasis in original). The Fourteenth Amendment's Due Process Clause protects pretrial detainees from excessive use of force, and the Eighth Amendment's Cruel and Unusual Punishment Clause protects those convicted of crimes from excessive use of force. *Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979). The rights of persons subjected to excessive force during an arrest or investigation are derived from the Fourth Amendment. Accordingly, the court will dismiss the Eighth Amendment claim and allow Link to proceed on a Fourth Amendment excessive force claim.

For the foregoing reasons, the court:

(1) **GRANTS** the plaintiff leave to proceed against the defendants in their personal capacities for damages on his Fourth Amendment search, seizure, and excessive use of force claims, and **DISMISSES** all other claims;

(2) Pursuant to 42 U.S.C. § 1997e(g)(2), **ORDERS** that the defendants respond to the complaint as provided for in the Federal Rules of Civil Procedure; and

(3)  **DIRECTS** the marshals service to effect service of process on the defendants on the plaintiff's behalf, and **DIRECTS** the clerk's office to ensure that a copy of this order is served on them along with the summons and amended complaint.

SO ORDERED on May 14, 2008.

s/ Joseph S. Van Bokkelen<br>
JOSEPH S. VAN BOKKELEN<br>
UNITED STATES DISTRICT JUDGE<br>
HAMMOND DIVISION