UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| RAY LINK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO. 1:07-cv-338 |
| ) | |
| CLAYTON TAYLOR, et al., ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

This matter is before the Court on *pro se* Plaintiff Ray Link's Motion to Compel, filed December 15, 2008. (Docket # 39.) Link seeks to compel the Defendants, who are three Fort Wayne police officers, to fully respond to his request that they produce a number of documents.[1] (Docket # 39.) For the following reasons, Link's motion to compel will be GRANTED in part and DENIED in part.[2]

### I. FACTUAL AND PROCEDURAL HISTORY

On March 19, 2008, following his arrest by the Defendant police officers in September 2007, Link filed his *pro se* complaint under 42 U.S.C. § 1983.[3] (Docket # 7.) On September 9, 2008, Link served the Defendants with a request for production of documents (Docket # 32), and the Defendants responded on October 8, 2008 (Docket # 34). Although the Defendants responded to several of the requests, they objected to three of them. (*See* Docket # 34.)

---

[1] Although Link represents that his motion is to compel answers to interrogatories, the record reflects that he is actually seeking to compel responses to a request for production that he served on the Defendants. (*See* Docket # 39.)

[2] Link had until January 12, 2009, to file a reply, but failed to do so.

[3] This Opinion and Order assumes the reader is familiar with the underlying facts of the case.

Link now takes issue with the Defendants' responses, arguing that the Defendants refused to answer Requests Nos. 3, 4, 5, and 8 through 14. (Mot. to Compel 2.) In response to Link's motion to compel, the Defendants allege that they have completely responded to Request Nos. 3, 5, 8, 10, 12, 13, and 14, and that they properly stated their objections and reasons for the objections with respect to Request Nos. 4, 9, and 11. (Resp. Br. 2.)

## II. DISCUSSION

### *A. General Principles*

Federal Rule of Civil Procedure 26(b)(1) permits discovery into "any nonprivileged matter that is relevant to any party's claim or defense . . . ." Under the relevancy standard, "information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). For purposes of discovery, relevancy will be construed broadly to encompass "any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." *Chavez v. DaimlerChrysler Corp.*, 206 F.R.D. 615, 619 (S.D. Ind. 2002) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)).

Federal Rule of Civil Procedure 34 empowers a party to serve on another party requests for the production of documents that are within the scope of Federal Rule of Civil Procedure 26. Fed. R. Civ. P. 34(a). According to Federal Rule of Civil Procedure 37, if a party does not respond to a discovery request, the party seeking the discovery may move the Court to compel the opposing party to respond. *See* Fed. R. Civ. P. 37(a)(3)(B). "[A]n evasive or incomplete disclosure, answer, or response is to be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4).

Notably, this Court has broad discretion when deciding whether to compel discovery. Fed. R. Civ. P. 26(c); *Sattar v. Motorola, Inc.*, 138 F.3d 1164, 1171 (7th Cir. 1998); *Gile v. United Airlines, Inc.*, 95 F.3d 492, 495-96 (7th Cir. 1996). In making its ruling, "a district court should independently determine the proper course of discovery based upon the arguments of the parties." *Gile*, 95 F.3d at 496.

### B. Analysis

1. Requests for Production Nos. 3, 8, 10, 12, and 14

Link contends that the Defendants have failed to respond to Request Nos. 3, 8, 10, 12, and 14. The Defendants, however, maintain that they have in fact adequately responded with the statement, "The defendants do not possess any documents which satisfy the plaintiff's request." (Defs.' Resp. To Pl.'s Request for Produc. of Docs. Nos. 3, 8, 10, 12, 14.) There is no evidence to suggest that the Defendants are withholding documents, and obviously, they cannot produce documents they do not possess. *See, e.g., Echemendia v. Gene B. Glick Mgmt. Corp.*, No. 105-CV-00053, 2007 WL 420713, at *2 (N.D. Ind. Feb. 2, 2007). Consequently, the Court simply has no relief to afford Link at this time.

Nonetheless, because the Defendants claim that they have fully responded to Link's request for production of documents, Link is at least entitled to a response stating as much. *Fishel v. BASF Group*, 175 F.R.D. 525, 531 (S.D. Iowa 1997) ("Even if there are no [responsive] documents, plaintiff is entitled to a response as required by Fed. R. Civ. P. 34(b) . . . ."); *see also* Jay E. Grening & Jeffrey S. Kinsler, *Handbook of Federal Civil Discovery and Disclosure* § 9.40 (2d ed. 2002). Accordingly, the Defendants will be ORDERED to execute an affidavit, (1) stating that after diligent search there are no responsive documents in their possession, custody,

3

or control, *id.*; *see also Cent. States, S.E. & S.W. Areas Health & Welfare Fund v. Neurobehavioral Assocs., P.A.*, No. 93 C 6169, 1997 WL 757879, at *4 (N.D. Ill. Dec. 2, 1997); and (2) describing their efforts to locate documents responsive to the requests. *See Brooks v. Singletary*, No. 88-C-2865, 1991 WL 94083, at *5 (N.D. Ill. May 24, 1991). The affidavit must fulfill these two requirements for *each* document request that Link claims has not been satisfactorily answered, which includes Request Nos. 3, 8, 10, 12, and 14.

  2. Request for Production No. 5

Request No. 5 is similarly fulfilled. Link requested: "Preliminary Breath Test to the Defendant [sic] Ray A. Link, That was administer[ed] by the Fort Wayne Police Officer Clayton Taylor [] and the one administer[ed] in the Allen County Jail." In response, the Defendants attached Officer William Drake's Narrative Report stating the PBT readings from both tests administered to Link when he was arrested. Defs.' Resp. To Pl.'s Request for Produc. of Docs. No. 5.) Link finds this response inadequate, presumably since the request seeks production of the breath tests themselves. However, the Defendants ostensibly do not have in their custody and control the actual tests and instead have turned over documentation of the test results. Accordingly, the Court will deny Link's motion to compel with regard to Request No. 5. Nevertheless, if the Defendants have no other items which would be responsive to the request, they should so affirm in the fashion ordered above for Requests Nos. 3, 8, 10, 12, and 14.

  3. Request for Production No. 9

The Court also finds that the Defendants adequately responded to Request. No. 9, which states simply, "Policies and Procedures of the Fort Wayne Police Department." Defendants responded:

> The defendants object to this request on the grounds that it is vague, overly broad, and unduly burdensome. Without waiving and subject to these objections, the defendants have attached the Fort Wayne Police Department Arrest, Search, Seizure policy and procedure document that was in effect at the time of the plaintiff's arrest. . . . If the plaintiff desires other Fort Wayne Police Department policy and procedure documents, he will need to narrow the scope of this discovery request.

(Defs.' Resp. To Pl.'s Request for Produc. of Docs. No. 9.)

To be sure, not *all* of Fort Wayne Police Department's policies and procedures can be relevant to the claims or defenses in this case. Link's motion brings no clarity to the request, only stating that it asks the Defendants "to provide information that is relevant, not privileged, and which is likely to lead to the discovery of admissible evidence . . . ." (Mot. to Compel 2.) Consequently, Link has not described with *any* particularity which policies and procedures he believes he needs to prosecute his case. *See* Fed. R. Civ. P. 34(b)(1)(A) (requiring that a request for production describe with reasonable particularity each item or category of items to be inspected). Despite the general wording of Link's request, the Defendants apparently made a good faith effort to comply, providing the policies and procedures pertaining to what they perceived as relevant to Link's arrest – the search and seizure policies. Unless and until Link specifies what more he is seeking, his motion to compel will be denied with respect to Request No. 9.

    4.    <u>Request for Production No. 11</u>

Link's Request No. 11 reads, "Internal Affairs action take'in [sic] against Defendant[]s, Defendant's [sic] discrepancy in there [sic] profession that proceeded to another landing in the United States District Court Northern District of Indiana." (Pl.'s Request for Produc. of Docs. No. 11.) The Defendants object on the basis that the request is "vague and unintelligible."

5

(Defs.' Resp. To Pl.'s Request for Produc. of Docs. No. 11.)  The objection also states, "If the plaintiff is seeking information regarding other internal affairs matters that the defendants have allegedly been involved in, the defendants object on relevancy grounds."

The Defendants' objections are well-taken.  Request No. 11 is fairly incomprehensible, and although it seems to be seeking various internal affairs records, Link does not describe them with reasonable particularity so that the Defendants may determine what documents would be responsive to the request.  *See* Fed. R. Civ. P. 34(b)(1)(A).  And again, Link's explanation in his motion to compel fails to elucidate the request's meaning, stating merely that it asks the Defendants "to provide information that is relevant, not privileged, and which is likely to lead to the discovery of admissible evidence . . . ."  (Mot. to Compel 2.)  Consequently, Link's motion to compel a response to Request No. 11 will also be DENIED.

       5.      <u>Request for Production No. 13</u>

Link also made the following request for production: "Allen County Jail Medical Records, X-Rays, Doctor's name's [sic] and location's [sic], Nurse's name's [sic] and location's [sic], Doctor's order's [sic] to all nurse's [sic]."  The Defendants responded that they "will be requesting the plaintiff's medical records from the Allen County Jail and will provide these to the plaintiff upon receipt of such documents from the Allen County Jail."  (Defs.' Resp. to Pl.'s Request for Produc. of Docs. No. 13.)  Because the Defendants have already agreed to turn over the responsive documents once they receive them from the Allen County Jail (and of course they have a duty to supplement their responses under Federal Rule of Civil Procedure 26(e)(1)), there appears to be no actual discovery dispute over Request No. 13.  Consequently, Link's motion to compel production of documents concerning Request No. 13 will be denied at this juncture.

6. <u>Request for Production No. 4</u>

Although the majority of the Defendants' objections to Link's requests for production are well-taken, the Defendants will be compelled to respond to Link's Request No. 4, which is actually more in the nature of an interrogatory than a request for production of documents. Request No. 4 reads, "Names and Address[]es of the people in the traffic stop at the intersection of Clinton/Superior." (Pl. Request for Produc. of Docs. No. 4.) The Defendants objected, stating:

> The defendants object to this request on the grounds that it is vague and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Further, this request seeks to elicit information that is confidential in nature concerning an unrelated incident and producing said information would be an invasion of the non-parties' right to privacy.

(Defs.' Resp. To Pl.'s Request for Produc. of Docs. No. 4.) .

"The burden rests upon the objecting party to show why a particular discovery request is improper." *Kodish v. Oakbrook Terrace Fire Prot. Dist.*, 235 F.R.D. 447, 450 (N.D. Ill. 2006) (citations omitted); *see also McGrath v. Everest Nat'l Ins. Co.*, No. 2:07 cv 34, 2008 WL 2518710, at *10 (N.D. Ind. June 19, 2008) ("The burden rests upon the objecting party to show why a particular discovery request is improper." (internal quotation marks and citation omitted)); *Burkybile v. Mitsubishi Motors Corp.*, No. 04 C 4932, 2006 WL 2325506, at *6 (N.D. Ill. Aug. 2, 2006) ("If the party from whom the documents are requested objects to their production, that party has the burden to show why a discovery request is improper."). In this instance, the Defendants offer nothing more than a boilerplate objection that the request is vague and seeks irrelevant, confidential information. *See, e.g., Burkybile*, 2006 WL 2325506, at *6 (collecting cases rejecting boilerplate objections to discovery requests). Contrary to the Defendants'

7

assertion about the vagueness and relevancy of the request, Link is obviously describing the traffic stop that was taking place nearby and at the time of his arrest (*see generally Pro Se* Compl.), and those individuals could be witnesses to his arrest, which is the event that gave rise to this lawsuit. Moreover, the Defendants do not explain how this information is confidential or what privacy interests are implicated. Consequently, Defendants' objections to Request No. 4 are overruled.

Because the Defendants failed to carry their burden to demonstrate that Request No. 4 is improper, the Court will grant Link's motion with respect to Request No. 4. The Defendants need only disclose the name and addresses of the individuals in the traffic stop; they need not disclose any other details or produce any documents about the traffic stop itself. Of course, if there is a basis to preclude the disclosure of this information, the Defendants should file a motion for a protective order pursuant to Federal Rule of Civil Procedure 26(c).

### III. CONCLUSION

For the reasons stated herein, Link's motion to compel discovery responses (Docket # 39) is GRANTED in part and DENIED in part as follows:

1) Link's motion to compel responses to Requests Nos. 3, 5, 8, 9, 10, 11, 12, 13, and 14 are DENIED, but the Defendants are ORDERED to execute an affidavit, as described *supra* in Section B(1), by January 30, 2009, with respect to Request Nos. 3, 5, 8, 10, 12, and 14 ; and

2) Link's motion to compel responses to Request No. 4 is GRANTED, and the Defendants are ORDERED to respond by January 30, 2009.

` SO ORDERED.

Enter for the 20th day of January, 2009.

S/Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge