# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| RAY LINK, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CAUSE NO. 1:07-CV-338 |
| CLAYTON TAYLOR, et al., | ) ) ) |
| Defendants. | ) |

## OPINION AND ORDER

On January 5, 2009, *pro se* Plaintiff, Ray Link, filed a motion for leave to file a second amended complaint to add the City of Fort Wayne, the Fort Wayne Police Department ("FWPD") and Chief of Police Russell P. York as additional defendants. (Docket # 44.) For the following reasons, Plaintiff's motion for leave to file a second amended complaint will be DENIED.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On March 19, 2008, Plaintiff filed a first Amended Complaint under 42 U.S.C. § 1983 in this action he is advancing against three police officers of the FWPD. (Docket # 7.) The Amended Complaint alleges that on September 16, 2007, Defendants conducted an unlawful search and seizure and subjected him to excessive use of force in violation of the Fourth and Fourteenth Amendments of the United States Constitution.

On July 24, 2008, the Court conducted a scheduling conference and established August 11, 2008, as the last date for Plaintiff to join additional parties and amend his pleadings. (Docket # 28.) At the same hearing, the Court set the last date for the completion of all discovery as

February 10, 2009, with dispositive motions to be filed by March 10, 2009.

Plaintiff filed the instant motion almost five months beyond the August 11, 2008, deadline for amending his pleadings. Liberally reading the belated motion to amend, *Holle v. State of Ind.*, No. 1:07-CV-206-TS, 2008 WL 4936969, at *3 (N.D. Ind. Nov. 17, 2008), it appears that Plaintiff seeks to add the City of Fort Wayne, the FWPD, and Police Chief York to this case because, he alleges, they are the employers of the original police officer Defendants, they were present when the original Defendants were served with process, became aware of the alleged violations shortly after they occurred, and in fact were present at the scene but did nothing to stop them. (*See* Mot. to Am. Compl. ¶¶ 2, 3.)

For the reasons provided in this Opinion and Order, Plaintiff's motion will be denied.

## II. STANDARD ON MOTION TO AMEND PLEADINGS

A party may amend its pleading once as a matter of course at any time before a responsive pleading is served; otherwise, it may amend only by leave of the court or by written consent of the adverse party. Fed. R. Civ. P. 15(a). Leave to amend is freely given when justice so requires. *Id.* However, this right is not absolute, *Brunt v. Serv. Employees Int'l Union*, 284 F.3d 715, 720 (7th Cir. 2002), and can be denied for undue delay, bad faith, dilatory motive, prejudice, or futility. *Ind. Funeral Dir. Ins. Trust v. Trustmark Ins. Corp.*, 347 F.3d 652, 655 (7th Cir. 2003).

Moreover, the requirements of Rule 15 must be read in conjunction with the requirements of Rule 16, because "[o]nce the district court [has] filed a pretrial scheduling order pursuant to [Rule] 16 which establish[es] a time table for amending pleadings that rule's standards [control]." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992);

*Kortum v. Raffles Holdings, Ltd.*, No. 01 C 9236, 2002 WL 31455994, at *3 (N.D. Ill. Oct. 30, 2002); *Tschantz v. McCann*, 160 F.R.D. 568, 570-71 (N.D. Ind. 1995). Rule 16(b)(3)(A) requires that the scheduling order "limit the time to join other parties, amend the pleadings, complete discovery, and file motions." In this case the Court set the deadline for amending the pleadings at the scheduling conference.

Thus, a party seeking to amend a pleading after the date specified in a scheduling order must first show "good cause" for the amendment under Rule 16(b); then, if good cause is shown, the party must demonstrate that the amendment is proper under Rule 15. *Tschantz*, 160 F.R.D. at 571. "A court's evaluation of good cause is not co-extensive with an inquiry into the propriety of the amendment under . . . Rule 15." *Id.* (quoting *Johnson*, 975 F.2d at 609). Rather, the good cause standard focuses on the diligence of the party seeking the amendment. *Id.* In other words, to demonstrate good cause, a party must show that despite its diligence, the time table could not reasonably have been met. *Id.*

### III. DISCUSSION

Here, the Plaintiff fails to establish good cause for filing his motion to amend almost five months late. The only explanation offered for the delay is the assertion that he learned through discovery at some unspecified date, after the deadline, that the City of Fort Wayne, the FWPD and Police Chief York were somehow involved.[1]

However, the original Amended Complaint was filed on March 19, 2008, and certainly Plaintiff knew at that time that he was suing Fort Wayne city police officers. Consequently, if

---

[1] The Court's review of Defendants' discovery responses filed in this case do not support Plaintiff's contention.

3

Plaintiff wanted to sue the City of Fort Wayne or the FWPD, at least on the theories he is now advancing, he did not need to engage in discovery in order to do so. *See Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005) ("Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking amendment." (quoting *Johnson*, 975 F.2d at 609)). In short, the proposed amendment appears to be in the nature of an afterthought, or stated somewhat differently, Plaintiff has failed to demonstrate the diligence that would justify, or establish good cause to allow, such a grossly late filing. Therefore, the motion to amend will be denied on this basis.

Moreover, and although the Court does not need to reach the merits of Plaintiff's motion, it will at least offer a few comments in order to complete the record. At the outset, it is apparent that none of Plaintiff's purported claims have any merit; meaning that for this reason too, the motion should be denied. *Foman v. Davis*, 371 U.S. 178, 182 (1962) (instructing that the court may deny leave to amend where amendment would be futile).

For example, the ostensible basis for adding the City of Fort Wayne, the FWPD, and Police Chief York is that they are the employers of the original three Defendants. The problem with this assertion, however, is that because a claim brought under § 1983 cannot be maintained on the theory of *respondeat superior*, an employer cannot be held liable for the acts of its employees. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Moreover, Plaintiff does not maintain that either the City or the FWPD has a custom or policy which was the moving force behind any constitutional violation, as required by the *Monell* case. *Id.* at 695.[2]

---

[2] The record does not reflect that Plaintiff ever filed a Tort Claim Notice and therefore, under Indiana law, any state law tort claim would be barred. Ind. Code. § 34-13-3-8.

Consequently, the claims against these entities have no merit.

Moreover, to the extent Plaintiff is suing the FWPD, his claim is futile because a police department is not a "person" under § 1983. *See Sanders v. Town of Porter Police Dept.*, No. 2:05-CV-377, 2006 WL 2457251, at *3 (N.D. Ind. Aug. 22, 2006) (quoting *Jones v. Bowman*, 694 F. Supp. 538, 544 (N.D. Ind.1988) ( "A city's police department is merely a vehicle through which the city government fulfills its policy functions and is not a proper party defendant." ).

Finally, Plaintiff's one claim that would arguably have merit is the assertion that Police Chief York was present at the scene on September 16, 2007, and failed to intervene to prevent the alleged Constitutional deprivation even though he had a reasonable opportunity to do so. The Court has reviewed the discovery materials that have been filed and cannot find any factual support for this highly dubious assertion. Although the theory is certainly one upon which a claim under § 1983 can be advanced, *see Lanigan v. Vill. of East Hazel, Ill.*, 110 F.3d 467, 477-78 (7th Cir. 1997); *Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994), Federal Rule of Civil Procedure 11(b)(3) requires that the factual contentions have (or will likely have) evidentiary support. Consequently, without at least some demonstration that this contention actually has some evidentiary support, leave will not be granted to add Police Chief York as a defendant.

Moreover, the addition of more defendants would be prejudicial to those already in the case. *See* Fed. R. Civ. P. 15; *Dubicz v. Commonwealth Edison Co.,* 377 F.3d 787, 792 (7th Cir. 2004) (noting that prejudice is one factor the court may consider when denying leave to amend). Thus far, this is a straightforward § 1983 case that focuses on the actions of three police officers during the arrest of Plaintiff. If the Court were to allow the addition of these other potential defendants, it would upset the carefully considered schedule previously imposed and would

5

likely trigger a new round of discovery even though that process is practically over. This additional delay would prejudice those Defendants who wish to promptly file their motion for summary judgment and has a detrimental effect on the overall management of this case.

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff's motion for leave to file a second amended complaint (Docket # 44) is DENIED.

SO ORDERED.

Enter for February 2, 2009.

S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge
