UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| RAY LINK, | ) |
| | ) |
| Plaintiff, | ) Case No.: 1:07-CV-338 |
| v. | ) |
| | ) |
| CLAYTON TAYLOR, et al., | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

### I. INTRODUCTION

The Plaintiff, Ray Link, is suing the Defendants, Officer William Drake, Officer Clayton Taylor, and Officer Dustin Engelman of the Fort Wayne Police Department ("the officers"), alleging that his arrest on September 16, 2007, was without probable cause and done with excessive force. (Docket # 7.)

Defendants have moved for summary judgment on all claims. (Docket # 62.) After receiving a copy of the motion for summary judgment from Defendants, Link failed to respond to Defendants' motion by the deadline of July 8, 2009, pursuant to Local Rule 56.1(e). (*See* Docket # 67.) For the following reasons, the officers' motion for summary judgment will be GRANTED.

### II. FACTUAL AND PROCEDURAL BACKGROUND[1]

On September 16, 2007, Officers Taylor and Drake were assisting motorcycle officer, Officer Engleman, with a traffic stop at the intersection of Clinton Street and Superior Street in

---

[1] Link failed to submit a factual statement called for by Local Rule 56.1 and has therefore conceded to Defendants' version of the facts as set forth in their memorandum supporting summary judgment. (*See* Defs.' Mem. in Supp. of the Mot. for Summ. J. 2-7); *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 922 (7th Cir. 1994).

downtown Fort Wayne, Indiana. (Aff. of William Drake ¶ 5; Aff. of Clayton Taylor ¶ 5; Aff. of Dustin Engelman ¶ 5.) Link, who was not involved with the traffic stop, approached the scene and attempted to present Officer Engelman with his identification card. (Drake Aff. ¶ 6; Taylor Aff. ¶ 6; Engelman Aff. ¶ 8.) Despite multiple warnings to step away from Officer Engelman, Link continued to interfere with the traffic stop until he was physically escorted to a nearby grass strip by Officer Drake. (Drake Aff. ¶¶ 7, 9; Taylor Aff. ¶¶ 7, 9; Engelman Aff. ¶ 11.) Officer Drake could smell a strong alcoholic odor on Link's breath and observed that his speech was slurred and his eyes were glossy. (Drake Aff. ¶¶ 8, 10.) Link agreed to take a preliminary breath test administered by Officer Taylor and registered a .16% BrAC; Link was then placed under arrest for public intoxication and Officers Taylor and Drake transported him to the Allen County Jail without incident. (Drake Aff. ¶¶ 11-14; Taylor Aff. ¶¶ 10-13; Engelman Aff. ¶¶ 12-15.) The next day, Link and his counsel appeared before a judge of the Allen Superior Court, who found probable cause for Link's public intoxication arrest. Ultimately, however, the charge was dismissed on the motion of the prosecuting attorney.

On March 19, 2008, Link filed a first Amended Complaint under 42 U.S.C. § 1983 against the officers, alleging that the Defendants violated the Fourth and Eighth Amendments of the United States Constitution by conducting an unlawful search and seizure and subjecting Link to excessive use of force. (Docket # 7.) However, on May 14, 2008, Judge Joseph Van Bokkelen issued an order dismissing Link's Eighth Amendment claim, allowing him to proceed on his Fourth Amendment search, seizure, and excessive use of force claims only. (Docket # 8.) Defendants filed the instant motion for summary judgment on April 17, 2009. (Docket # 62.) After receiving a copy of Defendants' Motion for Summary Judgment, and after the Court

personally advised him of the July 8, 2009 deadline for a response, Link failed to respond.

## III. STANDARD OF REVIEW

Summary judgment may be granted only if there are no disputed genuine issues of material fact. *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003). When ruling on a motion for summary judgment, a court "may not make credibility determinations, weigh the evidence, or decide which inferences to draw from the facts; these are jobs for a factfinder." *Id.* The only task in ruling on a motion for summary judgment is "to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." *Waldridge*, 24 F.3d at 920. If the evidence is such that a reasonable factfinder could return a verdict in favor of the nonmoving party, summary judgment may not be granted. *Payne*, 337 F.3d at 770.

A court must construe the record in the light most favorable to the nonmoving party and avoid "the temptation to decide which party's version of the facts is more likely true," as "summary judgment cannot be used to resolve swearing contests between litigants." *Id.* However, "a party opposing summary judgment may not rest on the pleadings, but must affirmatively demonstrate that there is a genuine issue of material fact for trial." *Id.* at 771. In that regard, "the court will assume that the facts as claimed and supported by admissible evidence by the moving party are admitted to exist without controversy, except to the extent that such facts are controverted in the 'Statement of Genuine Issues' filed in opposition to the motion, as supported by the depositions, discovery responses, affidavits and other admissible evidence on file." N.D. Ind. L.R. 56.1(b); *see also Bradley v. Work*, 154 F.3d 704, 707-08 (7th Cir. 1998); *Waldridge*, 24 F.3d at 922 (collecting cases in which the Seventh Circuit Court of Appeals has "upheld the strict enforcement of [Local Rule 56.1]").

3

## IV. DISCUSSION

*A. Probable Cause*

Link's § 1983 claim alleges that the officers falsely arrested him for public intoxication, thereby violating his Fourth Amendment rights against unreasonable searches and seizures. (Docket # 7.) However, "[p]robable cause is an absolute defense to a claim of wrongful arrest under section 1983 against police officers." *Chelios v. Heavener*, 520 F.3d 678, 685 (7th Cir. Ill. 2008). Probable cause is established "if, at the time of the arrest, the "facts and circumstances within the officer's knowledge . . . are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense."' *Wagner v. Washington County*, 493 F.3d 833, 836 (7th Cir. 2007) (quoting *Michigan v. DeFillippo*, 4431 U.S. 31, 37 (1979)). Although probable cause is generally determined by the jury, a court may rule on it as a matter of law if the facts are undisputed. *See Duvall v. Kroger Co.*, 549 N.E.2d 403, 405-06 (Ind. Ct. App. 1990).

Considering that Link failed to respond to the Defendants' motion for summary judgment by the required deadline, all of the facts in the officers' affidavits are deemed to be true (thereby allowing the court to determine the issue of probable cause). *Selan v. Kiley*, 969 F.2d 560, 566 n.8 (7th Cir. 1992) ("[T]he only acts relevant to our review are those that [the plaintiff] brought to the district court's attention – by reference to specific facts in affidavits, depositions, answers to interrogatories or admissions – in response to the defendants' motion for summary judgment.").

To begin, Link was arrested for public intoxication, a Class B misdemeanor under Indiana Code §7.1-5-1-3. That statutes provides: "It is a Class B misdemeanor for a person to be

4

in a public place or a place of public resort in a state of intoxication caused by the person's use of alcohol or a controlled substance (as defined in IC 35-48-1-9)." *See Hirsch v. Burke*, 40 F.3d 900, 903 (7th Cir. 1994) (explaining that the offense of public intoxication, "under Indiana law, consists of (1) being in a public place; (2) in a state of intoxication").

In the instant case, probable cause can be established by the undisputed fact that all three of the officers witnessed Link's slurred speech and glossy eyes, both indicators of intoxication. (Drake Aff. ¶ 8; Taylor Aff. ¶ 8; Engelman Aff. ¶ 10.) Furthermore, Link refused to heed the officers' instructions when he was told to step away from Officer Engelman, and he continued to interfere with the traffic stop despite multiple warnings. (Drake Aff. ¶¶ 7, 9; Taylor Aff. ¶¶ 7, 9; Engelman Aff. ¶ 11.) It was at this point that Officer Drake escorted Link to the grass strip and smelled alcohol on his breath. (Drake Aff. ¶ 10.) All of these factors would warrant any prudent person into believing that Link was guilty of public intoxication. *See Hirsch* 40 F.3d at 903 (holding that a police officer had probable cause to arrest an individual for public intoxication when that individual had trouble balancing, appeared incoherent, smelled of alcohol, and had bloodshot eyes). Additionally, since Link was only arrested after he willingly consented to a preliminary breath test and registered a .16% BrAC, the facts clearly show that he was intoxicated in public and that the officers had probable cause to arrest him given all these facts and circumstances. (Drake Aff. ¶¶ 11-14; Taylor Aff. ¶¶ 10-13; Engelman Aff. ¶¶ 12-15.) Accordingly, Link's false arrest claim fails as a matter of law.

### B. Excessive Force

Link also alleges that the officers used excessive force in arresting him. (Docket # 7.) An allegation of "excessive force . . . in the course of making an arrest . . . [is] properly analyzed

5

under the Fourth Amendment's 'objective reasonableness' standard." *Graham v. Connor*, 490 U.S. 386, 388 (1989). Namely, the officer's actions must have been "objectively reasonable." *Scott v. Harris*, 127 S. Ct. 1769, 1776 (2007). A "police officer's use of force is unconstitutional if, judging from the totality of the circumstances at the time of the arrest, the officer used greater force than was reasonably necessary to make the arrest." *Payne v. Pauley*, 337 F.3d 767, 778 (7th Cir. 2003).

The record is devoid of any reference by Link to the nature and extent of the force applied by the officers during his arrest. At most, it appears he was appropriately escorted to a spot on the fringe of the activity where his intoxication was then more fully observed. Once arrested, it can be inferred that he was then hand-cuffed and escorted to the Allen County Jail, which happened to be across the street. However, mere handcuffing does not constitute excessive force. *See Tibbs v. City of Chicago*, 469 F.3d 661, 666 (7th Cir. 2006) (holding that "some slight discomfort and pain from handcuffs" for a short period of time (twenty-five to thirty minutes) is not a violation of Fourth Amendment rights and the arresting officer in such a case is entitled to summary judgment).

Here, Officer Drake's "escort" is not described, but Link does not complain of any physical abuse from this treatment and any mere handcuffing is not enough to warrant a claim for excessive force as a matter of law. *Id*. Moreover, the supposed hand-cuffing, and the modest force used to accomplish that task, was objectively reasonable given that Link had, up to that point, refused to cooperate with the officers' orders. In short, no reasonable jury could possibly conclude that the officers used anything but objectively reasonable force, and therefore Link's excessive force claim fails as a matter of law. Fed. R. Civ. P. 56(c).

## V. CONCLUSION

For the above reasons, Defendants' motion for summary judgment is GRANTED. (Docket # 62.) The Clerk is directed to enter judgment in favor of the Defendants and against the Plaintiff.

Enter for this 20th day of July, 2009.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge